[Crim. No. 660.   First Appellate District.—November 16, 1916.]

## THE PEOPLE, Respondent, v. LUCK SING, Appellant.

CRIMINAL LAW—MISDEMEANOR—AMENDED INFORMATION — PRESUMPTION
ON APPEAL.—Upon an appeal from a judgment and order denying
a new trial in a prosecution under the Wyllie Local Option Act,
where the punishment imposed made the offense a misdemeanor, and
the record showed that after one information had been filed without
the defendant having been brought to trial within sixty days, such
information was dismissed for the purpose of filing an amended
information, and thereafter another information was filed setting
forth in three counts three distinct violations of the act, whereas
the first information alleged but two, it will be presumed that the
second information was an amended information, in the absence of
any affirmative showing that the second information was based upon
a second preliminary examination.

APPEAL from a judgment of the Superior Court of Fresno
County, and from an order denying a new trial. H. Z.
Austin, Judge.

The facts are stated in the opinion of the court.

Geo. G. Graham, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan,
Deputy Attorney-General, for Respondent.

THE COURT.—Defendant was accused by information
with the violation of the Wyllie local option law in the county
of Fresno. The information contained three counts, char-
ging as many violations of said law. Defendant was con-
victed upon all three counts, and sentenced to pay a fine of
five hundred dollars, or in lieu thereof to be imprisoned in
the county jail of the county of Fresno at the rate of one
day's imprisonment for every two dollars of said fine until
the same shall have been satisfied. The present appeal is
from said judgment and an order denying defendant's motion
for a new trial.

The punishment imposed in this case made the offense a
misdemeanor; and, under the provisions of section 1387 of
the Penal Code, a dismissal of an action in such a case is a
bar to another prosecution unless the order is expressly made

for the purpose of amending the complaint in the action.
From the record it appears that after one information had
been filed against the defendant without the defendant hav-
ing been brought to trial within sixty days, that information
upon motion of the district attorney was dismissed for the
purpose of filing an amended complaint in the action.   There-
after another information was filed against the defendant set-
ting forth in three counts three distinct violations of the act,
whereas the former information had set forth but two.   It
seems that if the new information was not based upon the pre-
liminary examination under which the defendant was held
to answer and the first information filed, but upon a new pro-
ceeding in the justice's court, we would be required to hold,
as contended by appellant, such new information would not
come within the designation "amended complaint" as used
in said section 1387, and that the defendant would by virtue
of that section be entitled to a dismissal of the present action.
The record, however, fails to show that there was a second
preliminary examination, or that the information upon which
the defendant was tried and convicted is not just what it pur-
ports to be, namely, an amended information.   No error,
therefore, is shown; and we will presume in harmony with
settled law that the court proceeded regularly and that the
trial and conviction were had under an amended complaint.
(*People* v. *Disperati,* 11 Cal. App. 469, 474, [105 Pac. 617].)

No error was committed by the trial court in its instruc-
tions to the jury, and the evidence amply sustains the judg-
ment.

Judgment and order appealed from are affirmed.

A petition for a rehearing of this cause was denied by the
supreme court on December 15, 1916, and a petition to have
the cause heard in the supreme court, after judgment in the
district court of appeal, was denied by the supreme court on
January 15, 1917.